NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT, LLC,
a Virginia limited liability company,
*Plaintiff/Appellee*,

*v.*

KIMBERLY D. LOPEZ and RICHARD DEAN LOPEZ,
wife and husband and each of them,
*Defendants/Appellants.*

No. 1 CA-CV 15-0515
FILED 3-29-2016

Appeal from the Superior Court in Yavapai County
No.  P1300CV201400940
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Hammerman & Hultgren, PC, Phoenix
By Jon R. Hultgren, Stephanie A. Webb
*Counsel for Plaintiff/Appellee*

Kimberly D. Lopez, Richard Dean Lopez, Prescott Valley
*Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1 Appellants Kimberly and Richard Lopez (collectively the Lopez') appeal the trial court's entry of summary judgment against them. For the following reasons, we reverse and remand to the trial court for further proceedings consistent with this decision.

## FACTS AND BACKGROUND

¶2 On September 4, 2014, Atlantic Credit & Finance Special Finance Unit, LLC (Appellee) filed a complaint alleging that in June 2006, Kimberly took out a personal line of credit on behalf of her marital community in the amount of $15,000 from HSBC Consumer Lending Inc. According to the complaint, the loan was later assigned to Appellee, and subsequently the Lopez' defaulted. Kimberly was served in September 2014 and filed a timely verified response, claiming she had no knowledge of the debt and "if this loan was in 2006 it has been 8 (eight) years and I believe that the statute of limitations in Arizona has been met."

¶3 In November 2014, Appellee filed an application for default judgment as to Richard. In December 2014, Richard filed a verified response. On February 13, 2015, Appellee filed a Motion and Sum Certain Affidavit for Entry of Judgment by Default without Hearing as to Richard. The Lopez' responded, claiming that Richard had answered the complaint via the filing of his response.

¶4 Appellee then filed a Motion for Summary Judgment as to Kimberly, alleging there were no issues of material fact. For the first time, Appellee attached a copy of the contract in dispute, dated June 2006, which purportedly contained Kimberly's signature and the words "loan made by mail" on the witness line of the loan document. The loan amount did not appear on this document. Appellee also attached another undated document reflecting a "total advance" of $15,000, also purportedly signed by Kimberly. Appellee later amended this motion to include Richard.

¶5        The Lopez' filed a response to the motion for default judgment, again denying knowledge of the loan and requesting the court to order arbitration to determine whether they had entered into the contract.  Before ruling on the Motion for Summary Judgment, the trial court denied Appellee's request for default judgment against Richard, finding that he had answered before entry of default.

¶6        Thereafter, the court entered an order granting Appellee's Motion for Summary Judgment.  The Lopez' then filed a late response to the motion, again denying any knowledge of the loan.  The court entered its final judgment, finding the Lopez' had not timely responded to Appellee's Motion for Summary Judgment and there was no genuine issue of material fact in dispute.  The Lopez' timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12–120.A.1 and -2101.A.1 (West 2016).[1]

## DISCUSSION

¶7        On appeal, the Lopez' argue Kimberly did not enter into the contract in question, attaching supportive evidence not timely presented to the trial court.  Appellee contends that because this is an appeal from a "summary adjudication[] after a nonmoving party fail[ed] to respond," our review on appeal is limited to a determination of whether the trial court abused its discretion.  We disagree.

¶8        A court may not grant a motion for summary judgment solely because the opposing party has not responded to it; it must consider the entire available record.  *See Schwab v. Ames Constr.*, 207 Ariz. 56, 59-60, ¶ 15 (App. 2004).  After reviewing the record, the court may grant summary judgment only if the moving party has "demonstrate[d] both the absence of any factual conflict and his or her right to judgment."  *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195 (App. 1990).  Summary judgment is proper only when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).

¶9        On appeal, this court reviews a grant of summary judgment de novo.  *Schwab*, 207 Ariz. at 60, ¶ 17.  We view the facts in the light most favorable to the nonmoving party, *Hourani v. Benson Hosp.*, 211 Ariz. 427,

---

[1]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

432, ¶ 13 (App. 2005), considering the "evidence that was in the record before the trial court during its summary judgment deliberations." *Menendez v. Paddock Pool Constr. Co.*, 172 Ariz. 258, 261 (App. 1991). In granting Appellee's Motion for Summary Judgment, the trial court stated that after its review of "the contents of the Motion, documentary evidence, affidavits and argument presented . . . there are no genuine issues of material fact in dispute."

¶10 We note that in the trial court, the Lopez' asserted that the statute of limitations had passed and they had "never received a loan from [Appellee] other than for my [vehicle] which is paid for free and clear and I have a clear title and a paid if [sic] full payment notice." In the Motion for Summary Judgment, Appellee alleged the contract was entered into in June 2006 and last payment received from the Lopez' was in January 2010. Pursuant to A.R.S. § 12-548.A, the statute of limitations for a claim for breach of a written contract is six years. *Id.* ("An action for debt shall be commenced and prosecuted within six years after the cause of action accrues . . . ."). In our review of the record, we find no genuine issues of material fact as to whether the statute of limitations barred Appellee's claim because the alleged breach of the contract occurred four years and nine months before the complaint was filed.

¶11 However, the Lopez' denied having entered into the contract in their verified answers to the complaint. In support of this defense, the Lopez' claimed the only loan they may have had with Appellee was for a vehicle that had been repaid in full. The verified answer by the Lopez' denying having entered into the loan contract was sufficient evidence to create a disputed issue of material fact, preventing entry of summary judgment in Appellee's favor.

## CONCLUSION

¶12　　　　For the foregoing reasons, we reverse the trial court's order granting summary judgment and remand for proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama